UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CARLY WILLS,** <br><br> Plaintiff, <br> vs. <br><br> **JUSTIN SCHILTZ,** <br><br> Defendant. | **2:23-CV-11068-TGB-EAS** <br><br> **ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT** <br><br> **(ECF NO. 9)** |

Plaintiff Carly Wills filed this Complaint on May 5, 2023. ECF No. 1. Plaintiff caused the Complaint and the Summons, ECF No. 3, to be duly served the Defendant Justin Schiltz, ECF No. 5, and the Court was advised by Plaintiff's counsel at the hearing held on this Motion that Defendant is personally aware of the pendency of this action. Nevertheless, Defendant has failed to appear and defend, and a Clerk's Default has been entered. ECF No. 8.

The Court has carefully reviewed the Complaint, the Motion for Entry of Default Judgment, ECF No. 9, the Response to Order to Show Cause regarding personal jurisdiction, ECF No. 13, and the Supplemental Brief regarding choice of laws, ECF No. 14. The Court conducted a hearing on this Motion on November 29, 2023 and concludes that the Motion is well taken and should be granted.

1

**NOW THEREFORE,**

**IT IS HEREBY FOUND, ORDERED, AND ADJUDGED** as follows**:**

1. All allegations in the Complaint have been admitted as true by the Defendant, and are found to be true and accurate by this Court.

2. The Court makes the following specific findings regarding the Counts of the Complaint:

    a. Count 2: Fraudulent Misrepresentation and False Pretenses

       i. Defendant represented to Plaintiff, without limitation, that it was true that Plaintiff would receive her share from the sale of the property, and that he intended to pay her share to her.

       ii. Defendant's representation was false when he made it.

       iii. Defendant knew that the representation was false when he made it.

       iv. Defendant intended that Plaintiff rely on the representation.

       v. Plaintiff reasonably and justifiably relied on the Defendant's representation.

       vi. Plaintiff was harmed and Plaintiff's reliance on Defendant's representation was a substantial factor in causing her harm.

       vii. The Damages awarded herein (defined below) are the direct and proximate result of Defendant's misrepresentations.

    b. Count 3: Actual Fraud

       i. Plaintiff had the right to receive half of the funds from the sale of the Property.

       ii. Defendant engaged in knowing and deliberate scheme to

       defraud Plaintiff out of her rightful 50% of the sales proceeds of the home, by first lying to her about the amount she was entitled to receive, and then by taking all of the money, and absconding with it.

    iii. The Damages awarded herein (defined below) are the direct and proximate result of Defendant's intentional fraud.

c. Count 4: Conversion

    i. Plaintiff had the right to receive half of the funds from the sale of the Property.

    ii. Defendant converted Plaintiff's 50% of the sale proceeds by directly taking it and absconding with it, and refusing to pay it over to Plaintiff.

    iii. This is a violation of California civil law prohibiting conversion.

    iv. The Damages awarded herein (defined below) are the direct and proximate result of Defendant's conversion.

d. Count 5: Violation of California Penal Code § 496

    i. Defendant received Property that was stolen, or obtained in a manner that constitutes theft or extortion, and knew when he took the proceeds of the sale of the home and absconded with them. He was, as the principal actor, well aware that the property was stolen or obtained in a matter that constitutes theft or extortion.

    ii. Defendant, alternatively, concealed property from Plaintiff that he knew was stolen or obtained in a manner that constitutes theft or extortion.

    iii. That, pursuant to California Penal Code ("CPC") § 496, Plaintiff is entitled to treble damages, costs of suit, and reasonable attorney's fees due to Defendant's actions as described herein.

    iv. The Damages awarded herein (defined below) are the direct and proximate result of Defendant's receipt and taking of stolen property.

3

3. The Court has considered the issue of choice of laws raised during the Motion hearing and concludes that the issue is moot, because the Defendant's actions would lead to the same findings, damages, and judgment, under either California law or Michigan law.

4. The Court finds that Plaintiff's damages are as follows:
   a. That the appropriate and correct sales proceeds due to the Sellers was $556,506.07. Complaint ¶59, ECF 1.
   b. Plaintiff was entitled to 1/2 of this, being $278,253.04. Complaint ¶60, ECF 1.
   c. Plaintiff is entitled to attorney's fees in an amount to be determined at the conclusion of his case. Complaint ¶61, ECF 1.
   d. With treble damages, Plaintiff is entitled to damages in the amount of $834,759.12 plus attorney's fees and costs. ("Damages") Comp. ¶62, ECF 1.

5. Plaintiff is entitled to attorney's fees of $4,532.00.

6. Judgment is entered in favor of the Plaintiff, CARLY WILLS, and against the Defendant, JUSTIN SCHILTZ, in the amount of $839,291.12.

7. This Judgment shall accrue interest at the federal judgment interest rate until paid in full.

**SO ORDERED, this 19th day of December, 2023.**

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

4